UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINA CASTRO,

    Plaintiff,

v.

ATANER CORP.,

    Defendant.

Case No. 18-13857
Honorable Laurie J. Michelson

**ORDER DISMISSING PLAINTIFF'S CASE**

    This is an action under the Americans with Disabilities Act in which Regina Castro alleges that Ataner Corp. refused to provide her with a disability accommodation as part of her job as a FedEx delivery driver. Castro has failed to comply with four court orders and has not taken any action on her case since her attorney withdrew in September 2019. So the Court will dismiss Castro's case for failure to prosecute and failure to comply with court orders.

I.

    On September 5, 2019, Castro's lawyer filed a motion to withdraw. (ECF No. 14.) The Court ordered Castro to attend the hearing. (ECF No. 16.) She failed to do so. On September 24, 2019, the Court entered an order granting counsel's motion to withdraw. (ECF No. 18.) The Court further ordered Castro to either retain successor counsel or to advise the Court, within 45 days, that she wished to proceed pro. No lawyer has filed an appearance and the Court did not receive any communication from Castro. On December 3, 2019, Castro also failed to call in to a scheduled telephone conference. On December 4, 2019, the Court ordered Castro to show cause by December 13, 2019 why her case should not be dismissed. (ECF No. 21.) Castro did not answer the show cause order.

## II.

As the Court explained in its show cause order, a court is permitted to order sanctions, including dismissing the action, when a party fails to appear at a scheduling conference. *See* Fed. R. Civ. P. 16(f) ("If a party or its attorney fails to appear at a scheduling or other pretrial conference . . . the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii).") The Court may also dismiss an action for failure to comply with a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b); E.D. Mich. L.R. 41.2. Failure to prosecute is defined by Local Rule 41.2 as when "the parties have taken no action for a reasonable time."

Although dismissal is a harsh sanction, it is an option available to the Court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). Knoll outlines four factors a court should consider before dismissing a case under Rule 41(b) for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* Here, the first three factors weigh in favor of dismissal.

First, Castro's failure to respond to the Court's orders or to prosecute her case appears to be her own fault. She did not retain successor counsel and so has been representing herself. Each of the Court's orders have been served on Castro at her home address and none have been returned as undeliverable. The Court's order on the motion to withdraw as plaintiff's counsel (ECF No. 18) was also emailed to Castro. During the hearing on his motion to withdraw,

Castro's former counsel, Eric Stempien, indicated that there had been a breakdown in his communication with Castro and she had requested her file from him via email, but had not responded to any of his other attempts to communicate with her. Despite all indications that Castro has received the Court's orders, she has failed to comply with the Court's four most recent orders or to communicate with the Court at all.

Second, the Defendant has been prejudiced by Castro's conduct. Castro filed this case over one year ago, but has yet to even begin discovery. After the withdrawal of Stempien, there has been no indication that Castro intends to proceed with this case. Keeping this case open with no prospect of advancing it would be prejudicial to the Defendant.

Third, the Court issued an order to show cause on December 4, 2019 (ECF No. 21) that explicitly warned Castro that failure to respond would result in dismissal. Castro did not respond to the show cause order or otherwise contact the Court.

Fourth, although the Court has not first imposed less drastic sanctions, the Court has considered all possible sanctions and determined that dismissal is the most appropriate remedy. The Sixth Circuit has "never held that a district court is without power to dismiss a complaint, as the first and only sanction . . . and is loathe to require the district court to incant a litany of the available lesser sanctions." *Dudley El v. Michigan Dep't of Corr.*, No. 17-2288, 2018 WL 5310761, at *3 (6th Cir. May 23, 2018) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (internal quotations omitted). Castro has failed to respond to any court order or take any action to pursue her case. And Castro's attorney has withdrawn from the case, leaving the Court with no alternative means of communicating with Castro.

The Court concludes that Castro has no intention to continue to prosecute this case. The interests of the Defendant and the proper functioning of the court system will be best served by dismissal of this case.

## III.

In light of the factors articulated above, pursuant to Rule 41(b) and 16(f), the Court dismisses Castro's case with prejudice.

SO ORDERED.

Dated: December 20, 2019

                        s/Laurie J. Michelson
                        LAURIE J. MICHELSON
                        UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 20, 2019.

                        s/Erica Karhoff
                        Case Manager to
                        Honorable Laurie J. Michelson